United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MANUEL CRUZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2006-AO21; MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA21; BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BAYTEK MORTGAGE INC.; HERMAN GONZALES; RECONTRUST COMPANY, N.A.; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 12-CV-00846-LHK<br><br>ORDER DENYING MOTION TO STRIKE; DENYING MOTION TO DISMISS; REMANDING ACTION TO STATE COURT |

Before the Court is Defendants'[1] motion to dismiss Plaintiff's complaint. ECF No. 13. Also before the Court is Defendants' motion to strike Plaintiff's first amended complaint. ECF No. 22. Pursuant to Civil Local Rule 7-1(b), the Court finds these two motions appropriate for determination without oral argument. Accordingly, the July 12, 2012 hearing on the motions is hereby VACATED. For the following reasons, Defendants' motion to strike is DENIED, and

[1] Defendants include the Bank of New York Mellon fka the Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-OA21, Mortgage Pass-Through Certificates, Series 2006-OA21's ("BNYM"), Bank of America, N.A.'s ("BofA"), and Mortgage Electronic Registrations Systems, Inc.'s ("MERS").

Defendants' motion to dismiss is DENIED as moot. Additionally, as explained below, this case is REMANDED to state court because this Court lacks subject matter jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of a residential mortgage transaction.[2] On October 25, 2006, Plaintiff obtained a $1,000,000.00 loan from First Magnus Financial Corporation (FMFC) to purchase his home located at 20415 Hunters Hill Road, San Jose, California 95120. Compl. ¶¶ 2, 19, 69; *see also* RJN Ex. 1. Plaintiff alleges that FMFC, Baytek Mortgage, Inc. ("Baytek"), and Plaintiff's real estate agent, Herman Gonzalez ("Mr. Gonzalez"), participated in fraud surrounding the origination of the loan. Compl. ¶¶ 47-84. The loan was secured by a deed of trust in favor of FMFC, which named MERS as the beneficiary. RJN Ex. 2. The deed of trust named Financial Title Company ("FTC") as the trustee. *Id*. Sometime thereafter, BofA acquired the loan servicing rights to Plaintiff's loan. *See* Compl. ¶ 5.

In May 2010, Plaintiff defaulted on his loan. RJN Ex. 6. On September 21, 2011, MERS assigned the beneficial interest under the deed of trust to BNYM. RJN Ex. 3. A duplicative assignment to BNYM was recorded on October 6, 2011. RJN Ex. 4. Also on October 6, 2011, MERS recorded a substitution of trustee, appointing ReconTrust Company, N.A. ("ReconTrust")

[2] In connection with their motion to dismiss and motion to strike, Defendants request that the Court take judicial notice of the following documents: (1) Note; (2) Deed of Trust; (3) Second Deed of Trust; (4) Assignment of Deed of Trust; (5) Substitution of Trustee; and (6) Notice of Default. ECF No. 14, Request for Judicial Notice ("RJN"). Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion without converting the 12(b)(6) motion to a summary judgment motion, there are two exceptions. First, the Court may take judicial notice of documents referenced in the complaint, "if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them." *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). Second, the Court may take judicial notice of "matters in the public record" under Federal Rule of Evidence 201(b). *Id.* A matter may be judicially noticed if it is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Here, Exhibits 1 through 6 are documents referenced in the complaint, as well as records filed with the Santa Clara County Recorder's Office, of which courts routinely take judicial notice. *See, e.g.*, *Liebelt v. Quality Loan Serv. Corp.*, No. 09-CV-05867, 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb. 24, 2011). Accordingly, for purposes of this Order, the Court GRANTS Defendants' request for judicial notice.

as trustee under the deed of trust. RJN Ex. 5. On October 6, 2011, ReconTrust recorded a notice of default. RJN Ex. 6.

Three months later, on January 19, 2012, Plaintiff initiated this action in Santa Clara County Superior Court. The original complaint alleged the following causes of action under California law: (1) violation of California Civil Code § 2923.5; (2) violation of California Civil Code § 2924; (3) violation of California Business and Professions Code § 17200; (4) fraud; (5) negligent misrepresentation; (6) breach of implied covenant of good faith and fair dealing; and (7) declaratory relief. Compl. ¶¶ 98-252. The original complaint does not assert any federal claims.

On February 22, 2012, Defendants removed the action to federal court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the sole basis for removal under 28 U.S.C. § 1441(b). ECF No. 1. On March 14, 2012, Defendants moved to dismiss the complaint. ECF No. 9.

The removed case was initially assigned to Magistrate Judge Grewal. On March 20, 2012, the case was reassigned to the undersigned judge. ECF No. 12. On March 22, 2012, Defendants re-filed and re-noticed their motion to dismiss. ECF No. 13. On March 27, 2012, in lieu of filing an opposition to Defendants' motion to dismiss, Plaintiff filed an amended complaint. ECF No. 15 ("FAC"). The amended complaint added Baytek, Mr. Gonzalez, and ReconTrust (collectively, "newly added Defendants") as Defendants. In all other respects, the factual allegations in the FAC are substantially similar to the original complaint. Moreover, the four causes of action in the FAC were all pled in the original complaint: (1) Cal. Civ. Code § 2923.5; (2) Cal. Bus. & Prof. Code § 17200; (3) fraud; and (4) breach of implied covenant of good faith and fair dealing. As with the original complaint, the FAC does not assert any federal claims.

On April 4, 2012, the Court issued an Order requiring Defendants to either (1) withdraw the motion to dismiss or (2) file a statement explaining why the pending motion to dismiss was not mooted by Plaintiff's amended complaint. ECF No. 20. On April 5, 2012, Defendants responded to the Court's April 4, 2012 Order with a statement that the pending motion to dismiss is not moot because Plaintiff improperly amended the complaint without leave of the Court in a fraudulent attempt to destroy diversity jurisdiction. ECF No. 21, at 1.

United States District Court
For the Northern District of California

On April 6, 2012, Defendants moved to strike the FAC. ECF No. 22. On April 23, 2012, Plaintiff opposed the motion to strike. ECF No. 23. Defendants did not file a reply.

## II. DISCUSSION

### A. Motion to Strike

Defendants move to strike Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f) provides in relevant part that a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike are generally disfavored." *Abney v. Alameida*, 334 F.Supp.2d 1221, 1234 (S.D. Cal. 2004) (citing *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998)). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

Defendants' motion to strike the FAC is an impermissible use of Rule 12(f). Defendants do not argue that any material in the FAC is "redundant, immaterial, impertinent, or scandalous," the only possible bases to strike material under Rule 12(f). *See id.* at 973-74. Instead, Defendants seek to strike the entirety of the FAC, because it was improperly filed without leave to amend. This is an impermissible use of Rule 12(f), because it seeks to use Rule 12(f) as a substitute for Rule 12(b)(6). *See Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977) (stating that Rule 12(f) is not an authorized or a proper way to procure the dismissal of all or a part of a complaint); *see also Whittlestone*, 618 F.3d at 974 ("Were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . ., we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose."); *Low v. City of Sacramento*, 10-CV-01624-JAM, 2011 WL 2935858, at *6 (E.D. Cal. July 18, 2011) (holding that defendants' motion to strike claims asserted against newly named individual

defendants was an impermissible use of Rule 12(f)). Defendants' contention that a motion to strike is permissible is unpersuasive because the contention relies on a district court opinion decided before the Ninth Circuit's *Whittlestone* decision, which arguably limited the permissible uses of Rule 12(f). *See* MTS 2 (citing *Brown v. Ikon Office Solutions, Inc.*, No. 09-CV-03434-JSW, 2009 U.S. Dist. LEXIS 102486, at *2-*3 (N.D. Cal. Nov. 4, 2009)). An impermissible use of a Rule 12(f) motion alone would be reason to deny Defendants' motion to strike.

Moreover, even if Defendants' motion to strike were a permissible use of Rule 12(f), the motion would not have merit. Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend a pleading as of right "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Here, Defendants filed their 12(b)(6) motion to dismiss Plaintiff's complaint on March 14, 2012. Thus, under Rule 15(a), Plaintiff had until April 4, 2012, to amend his complaint as of right. Defendants' argument that Plaintiff required leave of the Court before filing the amended complaint is not persuasive given that Plaintiff amended his complaint on March 27, 2012, well within the window to amend his complaint as of right. Furthermore, even if leave were required, the Court would grant leave to amend because, as discussed below, the newly added Defendants were properly joined pursuant to 28 U.S.C. § 1447(e). Accordingly, Defendants' motion to strike Plaintiff's FAC is DENIED.

**B. Motion to Dismiss**

Because the motion to strike is denied, as discussed above, Plaintiff properly filed the FAC. Defendant's motion to dismiss the original complaint is thus moot. Defendants' argument that the motion to dismiss is not moot was predicated on Defendants' prevailing on the motion to strike the FAC. *See* ECF No. 21 ("Defendants' motion to dismiss is not moot because Defendants will be submitting a motion to strike Plaintiff's FAC"). Therefore, Defendants have no remaining argument regarding mootness. Accordingly, Defendants' motion to dismiss is DENIED, without prejudice, as moot in light of Plaintiff's properly filed FAC. *See De Long v. Bank of Am., N.A.*, 11-CV-06388-LHK, 2012 WL 195174, at *2 n.6 (N.D. Cal. Jan. 23, 2012).

**C. Subject Matter Jurisdiction**

A federal court is obliged to raise issues concerning its subject matter jurisdiction *sua sponte*. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *Chaganti v. I2 Phone Int'l, Inc.*, 635 F. Supp. 2d 1065, 1070 (N.D. Cal. 2007) (Walker, J.) *aff'd*, 313 F. App'x 54 (9th Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." In a removal action, "[t]he burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009).

Even though Plaintiff was permitted under the Federal Rules to file the FAC as a matter of right, because the FAC was filed within 21 days of Defendants' motion to dismiss, this Court must still determine whether to permit joinder of Baytek, Mr. Gonzalez, and ReconTrust. *See* Fed. R. Civ. P. 15(a)(1)(B); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086 (C.D. Cal. 1999); *Mayes v. Rapoport*, 198 F.3d 457, 462 n. 11 (4th Cir. 1999). Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." In these circumstances, "[t]he decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

In deciding whether to allow joinder of the newly added defendant, district courts have considered a number of factors, including: (1) whether the new defendant is a necessary party; (2) whether any statute of limitations would preclude an original action against the new defendant in state court; (3) whether plaintiff has unjustifiably delayed seeking joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denying joinder would prejudice plaintiff. *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000); *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d

**United States District Court**
For the Northern District of California

1016 (C.D. Cal. 2002). "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." *Yang v. Swissport USA, Inc.*, No. 09-CV-03823-SI, 2010 WL 2680800, at *3 (N.D. Cal. July 6, 2010) (Illston, J.).

In this instance, the Court will exercise its discretion and allow joinder of Baytek, Mr. Gonzalez, and ReconTrust. The Court discusses the relevant factors in turn.

*Necessary Party*. In determining whether a defendant is a necessary party pursuant to 28 U.S.C. § 1447(e), courts generally look to Federal Rule of Civil Procedure 19(a) for guidance. *See Boon*, 229 F. Supp. 2d at 1020. Rule 19(a) requires joinder of persons whose absence would preclude the grant of complete relief, impede their ability to protect their interests, or subject a party to the risk of incurring inconsistent obligations. Fed. R. Civ. P. 19(a); *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (Conti, J.). Under Rule 19, a necessary party is one having an interest in the controversy, and who ought to be made party to the action to enable the court to do complete justice and adjudicate the rights of parties accordingly. *IBC*, 125 F. Supp. 2d at 1012 (citations omitted). As a sister court has recognized, however, § 1447(e) provides "a less restrictive standard . . . for joinder [than rule 19]" and Courts will prevent joinder of non-diverse defendants where the proposed defendants "are only tangentially related to the cause of action or would not prevent complete relief." *Id.* (citations omitted); *see also Dollens v. Target Corp.*, C-11-03265 RMW, 2011 WL 6033014 (N.D. Cal. Dec. 5, 2011) ("[C]ourts have found that amendment under § 1447(e) is a less restrictive standard than Rule 19 and joinder may be permitted where the proposed defendant is closely related to the cause of action.") (citation omitted).

Defendants' motion to dismiss appears to recognize that Baytek and Mr. Gonzalez are necessary parties. Indeed, in their motion to dismiss Defendants argued that the original complaint failed in part because Plaintiff failed to join the new Defendants:

> Plaintiff's complaint pleads that the loan was originated by FMC, and that FMC, [Baytek], and [Mr. Gonzalez] participated in the alleged fraud. (Compl., ¶ 47-84). These entities and individuals are conspicuously absent from this case. There is not a single factual allegation linking the named defendants to the loan origination, because they were in no way involved.

United States District Court
For the Northern District of California

MTD 3. Defendants cannot argue that the absence of Baytek and Mr. Gonzalez preclude Plaintiff's claims on the one hand and argue that these Defendants are not necessary parties on the other hand. Moreover, ReconTrust,[3] as the trustee that issued the allegedly defective Notice of Default and Notice of Trustee's sale, is not merely "tangentially related" to the first two causes of action. Indeed, the first two causes of action allege that BNYM's, BofA's, and ReconTrust's failure to comply with Cal. Civ. Code § 2935 entitles Plaintiff to a postponement of the Trustee Sale. Thus, the absence of ReconTrust could result in inconsistent obligations and prevent complete relief to Plaintiff. Accordingly, this factor weighs in favor of allowing joinder of the newly named Defendants.

*Statute of Limitations.* The second factor, whether any statute of limitations would preclude an original action against the newly added Defendants in state court, does not clearly weigh for or against allowing joinder. Defendants argue that Plaintiff's claim against Baytek and Mr. Gonzalez would be barred by the statute of limitations if brought in state court. MTS 5. Plaintiff alleges that any statutes of limitations as to the claims against Baytek and Mr. Gonzalez are tolled and describes in detail how Mr. Gonzalez's alleged misrepresentations prevented Plaintiff from becoming aware of his claims until October 2011. FAC ¶¶ 30- 44. Although the Court does not opine on the strength of Plaintiff's tolling theory, Plaintiff has at least raised a colorable argument that the statute of limitations are tolled as to Baytek and Mr. Gonzalez. Defendants do not argue that Plaintiff's claims against ReconTrust, which arise from the October 4, 2011 Notice of Default and January 10, 2012 Notice of Trustee Sale, are time-barred. FAC ¶¶ 87, 89. Given the possibility that the statute of limitations may be tolled as to Baytek and Mr. Gonzalez and there is no statute of limitations issue as to ReconTrust, it is unclear whether any statute of limitations would preclude an original action against the newly added Defendants in state court. Accordingly, this factor does not weigh clearly for or against permitting joinder.

[3] Contrary to Defendants' assertion that Plaintiff has failed to serve any of the newly added Defendants, Plaintiff served the Summons and FAC on ReconTrust on April 5, 2012. *See* ECF No. 24.

*Delay*. Plaintiff has not unjustifiably delayed in amending his complaint. Plaintiff's original complaint was filed January 19, 2012. The action was removed on February 22, 2012. Plaintiff's FAC was filed March 27, 2012. Thus, Plaintiff filed the FAC approximately one month after the case was removed, and approximately two months after the original complaint was filed in state court. The Court finds that under the circumstances of this case, Plaintiff did not unreasonably delay in seeking to amend his complaint. Thus, this factor weighs in favor of allowing joinder of the newly added Defendants. *See Ruscigno v. Hillstone Rest. Group Inc.*, 09-CV-5766-JF, 2010 WL 934265, at *3 (N.D. Cal. Mar. 15, 2010) (amendment within two months not unreasonable); *Clinco*, 41 F. Supp. 2d at 1083 (amendment within six weeks not unreasonable); *Chan v. Bucephalus Alternative Energy Group, LLC*, 08-CV-04537-JW, 2009 WL 1108744, at *5 (N.D. Cal. Apr. 24, 2009) (amendment within approximately seven weeks timely).

*Motive and Validity*. "Consideration of the final fourth and fifth factors is intertwined, since an assessment as to the strength of the claims against the proposed new defendant (fifth factor) would appear to bear directly on whether joinder is sought solely to defeat diversity and divest this Court of jurisdiction." *Larry O. Crother, Inc. v. Lexington Ins. Co.*, No. 11-cv-00138-MCE-GGH, 2011 WL 2259113, at *5 (E.D. Cal. June 7, 2011). While Plaintiff's claim against Baytek, Mr. Gonzalez, and ReconTrust may not be particularly strong, it does not appear that Plaintiff added a frivolous claim against these newly added Defendants solely to defeat diversity jurisdiction. *See Mayes*, 198 F.3d at 463. Rather, it appears that Plaintiff added Baytek, Mr. Gonzalez, and ReconTrust so that Plaintiff could obtain the relief that he sought all along – postponement of the foreclosure sale and payment of damages.

*Prejudice to Plaintiff if Joinder Denied.* Finally, it appears that Plaintiff will suffer prejudice if the Court does not allow him to file the FAC. Refusing to allow the amendment would require Plaintiff to either litigate in two forums or forego the claims against Baytek, Mr. Gonzalez, and ReconTrust. *See IBC*, 125 F. Supp. 2d at 1013. *Cf. Boon*, 229 F. Supp. 2d at 1025. Looking at the factors as a whole, the Court finds amendment is warranted on the grounds that joinder of Baytek, Mr. Gonzalez, and ReconTrust is necessary for Plaintiff to obtain the relief that he seeks,

Case5:12-cv-00846-LHK Document31 Filed07/10/12 Page10 of 10

Plaintiff's amendment was not unreasonably delayed, and it does not appear that the amendment was made solely to destroy diversity.

The Court will exercise its discretion and allow joinder of Baytek, Mr. Gonzalez, and ReconTrust. The joinder of the newly added Defendants destroys diversity jurisdiction, and divests this Court of the only basis of subject matter jurisdiction. Accordingly, this case must be remanded to state court.

## III. CONCLUSION

For the foregoing reasons, the Court determines that it lacks subject matter jurisdiction and REMANDS this case to Santa Clara County Superior Court. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 10, 2012

Lucy H. Koh
LUCY H. KOH
United States District Judge

**United States District Court**
For the Northern District of California

10

Case No.: 12-CV-00846-LHK
ORDER DENYING MOTION TO STRIKE; DENYING MOTION TO DISMISS; REMANDING ACTION TO STATE COURT